IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROBERT G. WHITE,

    Plaintiff,

vs.                                         Case No. 4:17cv251-WS/CAS

U.S. DEPARTMENT OF JUSTICE,
et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

On June 2, 2017, Plaintiff, an inmate proceeding pro se, initiated this case by filing a civil rights complaint, ECF No. 1, and a motion seeking leave to proceed with in forma pauperis status, ECF No. 2. Plaintiff's motion was granted and he was assessed an initial partial filing fee of $12.00 which was to be paid by July 10, 2017. ECF No. 4. Plaintiff made a partial payment of $10.00 on June 21, 2017. ECF No. 5. An Order was entered on June 27, 2017, directing Plaintiff to pay the remaining $2.00 by the July 10, 2017, deadline. ECF No. 6. Since entry of that Order in June, this case has stalled.

The remaining balance was not paid. The docket indicates that officials from the Jail first advised that the balance would be sent, and then advised nearly two months later that the outstanding balance was not paid because Plaintiff did not have money in his account. Plaintiff did not, however, file a notice to the Court advising of that fact, nor did he comply with the prior Order which provided: "If Plaintiff contends that he lacks funds with which to pay the assessed initial partial filing fee, Plaintiff must submit a current Trust Fund Account Statement demonstrating how funds have been depleted." ECF No. 4 at 3. Two additional Orders were entered directing Plaintiff to pay the remaining $2.00, ECF Nos. 6 and 8, and in the interim period, Plaintiff filed a notice of change of address, ECF No. 7.

In late October, Plaintiff filed another notice of change of address. ECF No. 10. Additionally, Plaintiff filed a notice showing that he made a request on October 22, 2017, to have the outstanding $2.00 balance paid to the Court. ECF No. 9. Thus, Plaintiff again demonstrated his desire to continue this case, although it was unknown whether or not Plaintiff had funds in his account with which to pay the balance owed.

Plaintiff was once again given additional time, until **November 30, 2017**, to submit payment. ECF No. 11. Plaintiff was also ordered to file an

amended complaint or notice of voluntary dismissal. *Id.* That Order has not reached Plaintiff. Two mail returns have been filed, ECF Nos. 12-13, and the Clerk's Office has been unable to locate Plaintiff. If court orders cannot reach Plaintiff, this case cannot continue. Plaintiff has not kept this Court informed as to his current whereabouts. Additionally, Plaintiff has had more than sufficient time to either pay the $2.00 remaining balance or demonstrate his inability to do so. This case should now be dismissed without prejudice.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with court orders.

**IN CHAMBERS** at Tallahassee, Florida, on December 8, 2017.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ.**

Case No. 4:17cv251-WS/CAS

**P. 72(b)(2).** **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.